United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>/ | **ORDER RE: DEFENDANT NEXGEN MEDIATECH INC.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; QUASHING SERVICE; AND GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION TO SERVE NEXGEN THROUGH ITS COUNSEL UNDER FED. R. CIV. P. 4(f)(3)** |

On November 19, 2008, the Court heard argument on defendant Nexgen Mediatech Inc.'s motion to dismiss the direct purchaser plaintiffs' consolidated complaint for insufficient service of process, and the direct purchaser plaintiffs' motion to serve Nexgen through its counsel under Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the Court holds that the service on defendant was insufficient, and QUASHES service. The Court GRANTS plaintiffs' motion to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).

**BACKGROUND**

Shortly after filing the consolidated amended complaint, the direct purchaser plaintiffs served the "Chi Mei" defendants. Those defendants are Chi Mei Optoelectronics USA, Inc, Nexgen Mediatech USA, Inc., CMO Japan Co., Ltd., Chi Mei Optoelectronics Corporation, Nexgen Mediatech, Inc., and the parent, Chi Mei Corporation. Plaintiffs served defendant Nexgen Mediatech, Inc., and its Taiwan-based parent companies (Chi Mei Optoelectronics Corporation and Chi Mei Corporation) through the

letter rogatory process. All of the Chi Mei defendants are represented by the same counsel, Wilmer Cutler Pickering Hale and Dorr, LLP.[1]

Plaintiffs have filed a completed certificate of service showing that the Taiwan Banciao District Court effected service on Nexgen Mediatech, Inc., on March 31, 2008. Docket No. 652, Ex. 2. The complaint and summons list Nexgen's address as "11F, No. 186, Jianyi Road, Chung Ho City, Taipei Hsien, Taiwan." Plaintiffs state that they obtained that address from a website owned and operated by Chi Mei Corporation. Haegele Decl. ¶¶ 2-3, Ex. A. Plaintiffs note that as of October 22, 2008, this address was still listed on the same website, and also that Nexgen's own corporate website listed No. 186 Jianyi Road as its "Headquarter." Kingsdale Decl. ¶¶ 3, 6, Ex. B & E (Docket No. 692).

The Attestation of Service states that someone at 11F, No. 186 Jianyi Road "refused to accept order," so the documents were "deposited at police substation or police station." Def's Motion Ex. A. Based on check marks on the forms, it appears that one copy of a notice of serv ice "was adhered to the door of the residence of the intended recipient." *Id*. Another copy of the notice was placed in an "appropriate location," though it is unclear where. *Id*. Sections of the form designated for a "post office datestamp" have official chops on them. *Id*. Under the heading "Service Premises," and below an unchecked box that reads "Same address recorded above," a box is checked that states, in part, "Revised and sent." *Id*.

Defendant has submitted a declaration from Mary Hung, General Counsel for Nexgen Mediatech, Inc. Ms. Hung states that "Nexgen has not received proper service of the summons and complaint for the above-captioned litigation." Hung Decl. ¶ 4 (Docket No. 676). Ms. Hung also states that "Nexgen currently maintains one registered office in Taiwan, which is located at No. 11-2, Jen Te 4th St., Jen Te Village Jen Te, Tainan 717 Taiwan, R.O.C." and that this office is registered with the Ministry of Economic Affairs. *Id*. ¶ 5. Ms. Hung states that Nexgen's prior registered address was the 11F, No. 186 Jianyi Road address, and that Nexgen vacated these premises on August 21, 2006. *Id*. ¶ 7.

---

[1] Gordon Pearson, an attorney at Wilmer Hale states that the firm represents Nexgen Mediatech, Inc. for the limited purpose of challenging the sufficiency of service of process.

## DISCUSSION

Defendant moves to dismiss the complaint for insufficient service of process on the grounds that service was not valid because (1) the Attestation of Service, which was completed by the Taiwanese authorities and is in Mandarin, does not contain the correct Chinese name for Nexgen; and (2) plaintiffs did not serve Nexgen at the correct address. Plaintiffs oppose the motion, arguing that translation of "Nexgen Mediatech, Inc." in the summons and complaint was correct and that any mistranslation in the Attestation of Service is irrelevant to whether service was effective. More generally, plaintiffs contend that because the Taiwanese authorities completed the certificate of service, service is presumptively valid and defendant has not met its burden to establish otherwise. Plaintiffs also note that defendant does not ever state that it did not in fact receive a copy of the summons and complaint.

Based upon the parties' submissions, the Court cannot conclude that Nexgen Mediatech, Inc. has been properly served. Although the Taiwanese authorities completed the certificate of service, that certificate also states that personal service was refused, and that service was completed by posting at the No. 186 Jianyi Road address, depositing the documents at a police station, and placing another copy at an unknown "appropriate location." The service documents also suggest that a copy of the summons and complaint was mailed to No. 186 Jianyi Road. Plaintiffs speculate that defendant may have received notice of the lawsuit through the mail if the mail was re-routed to Nexgen's correct address after a failed attempt at the No. 186 Jianyi Road address. However, there is nothing in the record showing that Nexgen was in fact actually served by the letter rogatory method.

Plaintiffs request that if the Court finds that service was insufficient, the Court should quash service rather than dismiss Nexgen, and allow plaintiffs to serve Nexgen through its counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3), permits service in a place not within any judicial district of the United States "by . . . means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[2] Defendant contends that before plaintiffs can seek to serve Nexgen through its counsel, plaintiffs must first reattempt service through the letter rogatory method.

---

[2] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

3

The Court finds it is appropriate to order service on Nexgen Mediatech, Inc. through its counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. RII's interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id*. at 1515 (internal citation omitted).

Although *Rio Properties* does not require that plaintiffs first attempt other methods of service, here plaintiffs have already attempted service by letter rogatory, which proved both time-consuming and expensive. *See* Kingsdale Decl. ¶ 2, Ex. A (stating that total charge to plaintiffs for serving Nexgen Mediatech, Inc. through letter rogatory was approximately $1,632.45). The initial attempt at service took almost seven months from the date when plaintiffs first requested that the Court issue the letters rogatory to the date when plaintiffs filed the certificate of service with the Court. In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letter rogatory. Further, although plaintiffs should have verified Nexgen's address through the Taiwan Ministry of Economic Affairs prior to attempting service initially, the confusion over Nexgen's address is at least in part attributable to Nexgen because two Chi Mei websites listed (and continued to list as recently as October 22, 2008) the No. 186 Jianyi Road address for Nexgen.

Defendant contends that service through its counsel would violate Due Process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an objection to present their objections." *Rio Properties*, 284 F.3d at 1016-17. In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address,

4

*delivery to the defendant's attorney*, telex, and most recently, email." *Id*. at 1016 (emphasis added). The court held that service on the defendant's attorney was appropriate there because that attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id*. at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, although Wilmer Hale is only appearing on behalf of Nexgen Mediatech, Inc. for the limited purpose of litigating the instant motions, it is nevertheless true that Wilmer Hale has been consulted regarding this lawsuit and is in contact with defendant. Further, Wilmer Hale is representing the other five Chi Mei defendants, and defendant does not dispute that the management of Nexgen Mediatech, Inc. overlaps with that of the management of the already-served Chi Mei defendants. *See* Kingsdale Decl. ¶¶ 2-3, Ex. A & B (Docket No. 698). Under these circumstances, the Court finds it reasonable to infer that defendant has sufficient notice of this case and that service of defendant through its counsel will comport with due process.

Finally, defendant asserts that service on its counsel would violate Taiwanese law because Taiwanese law only permits service on counsel when the client has expressly authorized the specific counsel or agent to accept service. However, in the Ninth Circuit, service under Rule 4(f)(3) "may be accomplished in contravention of the laws of the foreign country." *Rio Properties*, 284 F.3d at 1014. Further, as plaintiffs argue, because Taiwanese courts may order service through counsel, any offense to Taiwanese law is relatively minimal. *See* Taiwan Code of Civ. Proc. Art. 132 (attached to Kingsdale Decl., Docket No. 692, Ex. H).

**CONCLUSION**

For the foregoing reasons, the Court QUASHES the subpoena and GRANTS plaintiffs' motion to serve Nexgen through its counsel. (Docket Nos. 676 & 690). The Court further directs as follows:

1. Within one week of the date of this order, the direct purchaser plaintiffs shall send process by first class mail, return receipt requested, to defendant Nexgen's counsel at Wilmer Cutler Pickering Hale and Dorr LLP;

2. Within one week of receiving process from plaintiffs, counsel at Wilmer Hale shall

5

transmit process to an appropriate officer at Nexgen; and

3. Upon completion of the foregoing, counsel at Wilmer Hale shall file a letter with the Court affirming such.

**IT IS SO ORDERED.**

Dated: November 19, 2008

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California