IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br><br>_____/ | **ORDER DENYING THE TOSHIBA ENTITIES' MOTION TO MODIFY MAY 27, 2008 ORDER AND STAY DISCOVERY** |

On November 19, 2008, the Court heard argument on the Toshiba entities' motion for a stay of discovery. These defendants move to stay all discovery against each of the Toshiba entities until such time as there is an operative complaint sustained against that entity. Plaintiffs oppose the motion.

Pursuant to Federal Rule of Civil Procedure 26(c), a court may issue an order "that the disclosure or discovery not be had" or "that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

After consideration of the parties' papers, the Court exercises its discretion and DENIES defendants' motion. (Docket No. 694). Plaintiffs' deadline to file their amended complaints is December 5, 2008, just over two weeks hence. The Special Master considered and rejected Toshiba's related request for a protective order in the context of creating a revised case management plan which enforces the terms of the limited stay. All other defendants have agreed to the current discovery plan,

which is in effect. This Court agrees that no further or special stay for Toshiba is appropriate at this time.

The Court also DENIES the Toshiba entities' oral request for certification of this matter pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.**

Dated: November 19, 2008

SUSAN ILLSTON
United States District Judge