IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br>This Order Relates to:<br>ALL CASES<br>_____/ | No. M 07-1827 SI<br>MDL. No. 1827<br><br>**ORDER DENYING TATUNG COMPANY OF AMERICA'S MOTION TO DISMISS DIRECT PURCHASER PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT** |

Tatung Company of America's motion to dismiss the direct purchaser plaintiffs' first amended consolidated complaint is scheduled for a hearing on March 6, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**LEGAL STANDARD**

Dismissal of a complaint may be based "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

**DISCUSSION**

Tatung Company of America ("TUS") moves to dismiss the direct purchaser plaintiffs' first amended consolidated complaint on several grounds. To the extent that TUS contends that the complaint does not adequately allege its role in the alleged conspiracy, the Court rejects that argument for all of the reasons stated in the March 3, 2009 Order Denying Defendants' Motions to Dismiss. (Docket No. 870).

TUS also contends that the direct purchaser plaintiffs' claims are barred under *Illinois Brick*. TUS argues that TUS is itself a direct purchaser of finished products containing LCDs, or a direct or an indirect purchaser of LCDs themselves, and thus that TUS's customers are indirect purchasers who may not sue for damages under *Illinois Brick*. In response, plaintiffs argue that TUS and defendant Chunghwa Picture Tubes, Ltd. ("CPT") are considered a single entity for purposes of the antitrust laws in view of their close affiliation and alleged common ownership. Plaintiffs rely on *Royal Printing Company v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th Cir. 1980), in which the Ninth Circuit held that "*Illinois Brick* does not bar an indirect purchaser's suit where the direct purchaser is a division or subsidiary of a co-conspirator." *Id.* at 326. The court explained that *Illinois Brick*'s rationale of preventing potentially duplicative recoveries from both direct and indirect purchasers does not apply where the direct purchaser is an affiliate of the corporation accused of an antitrust violation. *Id.*; *see also Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1145-46 (9th Cir. 2003) (applying *Royal Printing* and holding that "indirect purchasers can sue for damages if there is no realistic possibility that the direct purchaser will sue its supplier over the antitrust violation").

Here, plaintiffs have submitted evidence showing that Tatung Taiwan owns and controls both TUS and CPT and that the three firms have intertwined economic interests; that TUS has described itself as a subsidiary of Tatung Taiwan, represented that it owns its own TFT-LCD panel factory (which is CPT's factory), and stated that it runs a vertically-integrated TFT-LCD business; CPT and other

2

defendants supply TFT-LCD panels to TUS; and TUS has never sued Tatung Taiwan or CPT. TUS disputes this evidence, or at least disputes plaintiffs' characterization of the evidence. For example, TUS asserts that it has never purchased more than 50% of its LCD panels from CPT in any given year, and that TUS engages in arms-length negotiations with all of its suppliers of LCD panels, including CPT. TUS also argues that the testimony of TUS executives Edward Chen and Michael Lai demonstrates that neither CPT nor Tatung Taiwan exercises financial or operational control over TUS.[1]

The Court finds that the complaint sufficiently alleges a basis for TUS's liability. The factual record is disputed as to the relationship between TUS, CPT, and Tatung Taiwan, as well whether TUS's purchases of LCDs and finished products containing LCDs was truly arms-length or in furtherance of the alleged conspiracy. On this record, TUS has not shown that it is not a proper defendant under *Royal Printing* and *Freeman*. Upon a fuller factual record, TUS may renew its arguments in a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Tatung Company of America's motion to dismiss the direct purchaser plaintiffs' first amended complaint. (Docket No. 775).

**IT IS SO ORDERED.**

Dated: March 3, 2009

SUSAN ILLSTON
United States District Judge

---

[1] The Court GRANTS TUS's request for judicial notice of the information regarding the major shareholders of Tatung Company (Taiwan). (Docket No. 869).