IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>ALL CASES<br><br>/ | **ORDER DENYING DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL AMNESTY APPLICATION DEFENDANT TO COMPLY WITH ACPERA** |

The direct purchaser plaintiffs have filed a motion to compel the amnesty applicant to comply with ACPERA or forfeit any right it may have to claim reduced civil liability. The motion is scheduled for a hearing on May 22, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Plaintiffs state that the lead attorney supervising the Department of Justice Antitrust Division's investigation of price-fixing in the TFT-LCD industry confirmed to plaintiffs' counsel that the DOJ entered into a conditional leniency agreement with a company that manufactured and sold TFT-LCD panels. Fastiff Decl. ¶ 2.[1] Plaintiffs seek an order requiring the amnesty applicant (also referred to as leniency applicant) to disclose its identity and "provide the cooperation it owes Plaintiffs as required

---

[1] The DOJ confirms that before the issuance of grand jury subpoenas in the DOJ's investigation, and before the filing of any related civil cases, the DOJ granted conditional leniency to a corporate defendant pursuant to the terms of the DOJ's Corporate Leniency Policy. Lynch Decl. ¶ 6. According to the DOJ, to date, the leniency applicant has satisfied its obligations under the leniency agreement to fully cooperate with the DOJ, and based in part on that cooperation, the DOJ has successfully prosecuted several corporations and individuals for their role in the TFT-LCD price-fixing conspiracy. *Id*. ¶¶ 6-7.

by the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA")." Motion at 1.

ACPERA provides, in relevant part:

(a) IN GENERAL. – Subject to subsection (d), in any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law, based on conduct covered by a currently effective antitrust leniency agreement, the amount of damages recovered by or on behalf of a claimant from an antitrust leniency applicant who satisfies the requirements of subsection (b), together with the amounts so recovered from cooperating individuals who satisfy such requirements, shall not exceed that portion of the actual damages sustained by such claimant which is attributable to the commerce done by the applicant in the goods or services affected by the violation.

(b) REQUIREMENTS. – Subject to subsection (c), an antitrust leniency applicant or cooperating individual satisfies the requirements of this subsection with respect to a civil action described in subsection (a) if the court in which the civil action is brought determines, after considering any appropriate pleadings from the claimant, that the applicant or cooperating individual, as the case may be, has provided satisfactory cooperation to the claimant with respect to the civil action, which cooperation shall include–

(1) providing a full account to the claimant of all facts known to the applicant or cooperating individual, as the case may be, that are potentially relevant to the civil action;

(2) furnishing all documents or other items potentially relevant to the civil action that are in the possession, custody or control of the applicant or cooperating individual, as the case may be, wherever they are located; and

(3)(A)(i)-(ii) [regarding cooperating individual]
(B) in the case of an antitrust leniency applicant, using its best efforts to secure and facilitate from cooperating individuals covered by the agreement the cooperation described in clauses (i) and (ii) and subparagraph (A).

Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213(a)-(b), 118 Stat. 665, 66-67 (2004) (Fastiff Decl. Ex. A).

Plaintiffs contend that because the amnesty applicant has neither identified itself nor provided plaintiffs with any cooperation, this Court cannot certify that the applicant has complied with ACPERA's cooperation requirements. Plaintiffs contend that cooperation is only satisfactory if it is provided early in the litigation, and they note that these cases have been pending for over 24 months. Plaintiffs argue that the amnesty applicant's failure to cooperate thus far has adversely affected plaintiffs' ability to investigate the facts, and the Court should order the amnesty applicant to either immediately comply with its ACPERA obligations, or affirmatively to state it will not seek reduced civil liabilities.

The Samsung defendants[2] and the DOJ have opposed plaintiffs' motion on several grounds. Both Samsung and the DOJ contend that ACPERA does not authorize the Court to compel an amnesty applicant to identify itself and cooperate with plaintiffs. Instead, they argue, a leniency applicant determines for itself when it comes forward and cooperates with plaintiffs, and it is only after a leniency applicant seeks a limitation of civil liability based on cooperation does the Court evaluate the adequacy of an applicant's cooperation.

Plaintiffs do not identify any provision in ACPERA that would authorize the Court to compel the amnesty applicant to identify itself and cooperate with plaintiffs, nor is the Court aware of any cases interpreting ACPERA in this manner. To the contrary, the language of ACPERA suggests that the Court's assessment of an applicant's cooperation occurs at the time of imposing judgment or otherwise determining liability and damages. Plaintiffs argue persuasively that the value of an applicant's cooperation diminishes with time, and they note that plaintiffs are about to embark on significant and costly discovery that, at least in part, could be obviated if the applicant cooperated with plaintiffs. While the Court is mindful of these concerns, and will certainly consider all of these factors if and when an amnesty applicant seeks to limit liability under ACPERA, the Court finds no authority under ACPERA to compel an amnesty applicant to identify itself and cooperate with plaintiffs.

Accordingly, the Court DENIES plaintiffs' motion. (Docket No. 953).

**IT IS SO ORDERED.**

Dated: May 19, 2009

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiffs assert that Samsung is the amnesty applicant. Samsung states that "without making any concession or representation concerning the existence or identity of the amnesty applicant, Samsung hereby files a response to Plaintiffs' motion." Samsung's Opposition at 1 n.1.